**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION[1]**

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEXUS PERFORATING LLC, <br><br> Defendant. | Civil Action No: 4:21-cv-00280 <br> U.S. District Court for the Southern District of Texas, Houston Division <br> United States District Chief Judge Lee H. Rosenthal |
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIGOR USA, LLC, <br><br> Defendant. | Civil Action No: 4:21-cv-00283 <br> U.S. District Court for the Southern District of Texas, Houston Division <br> United States District Chief Judge Lee H. Rosenthal |
| NEXTIER COMPLETION SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> Defendants. | Civil Action No. 4:21-cv-1328 <br> U.S. District Court for the Southern District of Texas, Houston Division <br> United States District Judge Sim Lake |

**PLAINTIFF NEXTIER COMPLETION SOLUTIONS'**
**MOTION TO TRANSFER RELATED CASE**

---

[1] Following analogous Local Rule LR7.6 concerning consolidation, NexTier Completion Solutions Inc. ("NCS") is using the mandated captioning convention and is required to file this transfer motion in the oldest case pending in this Division, *DynaEnergetics Europe GmbH et al. v. Nexus Perforating LLC*, Civil Action No. 4:21-cv-280 ("*Nexus* Case"); however, as a Declaratory Judgment Plaintiff, NCS's counsel has not made an appearance in the *Nexus* Case. Therefore, NCS is opening a miscellaneous matter, naming the *Nexus* Case and *DynaEnergetics Europe GmbH et al. v. Vigor USA, LLC,* Civil Action No. 4:21-cv-00283 (the "*Vigor* Case") as related matters, and furnishing courtesy copies to affected courts.  *See* LR7.6 on Consolidation.

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT ................................................................................................................... 3

CONCLUSION ................................................................................................................ 5

i

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Save Power Ltd. v. Syntek Finance Corp.*,
    121 F.3d 947 (5th Cir. 1997) ....................................................................................... 3

**<u>Rules and Regulations</u>**

FED. R. CIV. P. 20(a) ................................................................................................... 2
FED. R. CIV. P. 42(a) ................................................................................................... 2

## INTRODUCTION

On April 21, 2021, NexTier Completion Solutions Inc. ("NCS") brought this action against DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") seeking a declaratory judgment of non-infringement of U.S. Patent No. 10,844,697 ("the '697 Patent").   Pursuant to the Local Rules, NCS's Complaint included a Civil Cover Sheet that identified two other related cases pending in the Houston Division of the Southern District of Texas: the *Nexus* Case, Civil Action No. 4:21-cv-280, and the *Vigor* Case, Civil Action No. 4:21-cv-283.   In both of the related cases, DynaEnergetics brought a single claim of patent infringement of the '697 Patent.   Currently, both of those related cases are pending before the Honorable Chief Judge Rosenthal.

In such situations, NCS understands that courts in this Division expect plaintiffs to move to transfer the later-filed case to the judge hearing the oldest related-matter.   Such a transfer generally promotes judicial economy and helps conserve the valuable resources of the courts by reducing the duplication of work and obviating the need for multiple courts in this Division to familiarize themselves with the accused technology, the asserted patent, and the relevant prior art. Similarly, coordination can reduce the possibility of inconsistent or contradictory rulings.   Indeed, although the *Vigor* Case (Civil Action No. 4:21-cv-283) was originally assigned to the Honorable Judge Hanks, NCS notes that the Honorable Chief Judge Rosenthal subsequently transferred the case to her court on May 14, 2021 for coordination with the *Nexus* Case (Civil Action No. 4:21-cv-280).   *See DynaEnergetics v. Vigor USA, LLC*, Civil Action No. 4:21-cv-283 at Dkt. 26 (order transferring the case to Chief Judge Rosenthal).

Thus, in accordance with the Division's practice and Local Rules, NCS files this motion to similarly transfer this case to Chief Judge Rosenthal for coordination with the two other cases concerning the '697 Patent.[2]

## FACTUAL BACKGROUND

On January 28, 2021, DynaEnergetics filed two cases in the Southern District of Texas, Houston Division: the aforementioned *Nexus* and *Vigor* Cases.  Both cases allege infringement of DynaEnergetics' '697 Patent.  The *Nexus* Case was assigned to Chief Judge Rosenthal and the *Vigor* Case was assigned to Judge Hanks.

On April 21, 2021, NCS filed an action in the Houston Division of the Southern District of Texas, Case No. 4:21-cv-1328 against DynaEnergetics (the "*NCS* Case"), asking for a judicial declaration that NCS does not infringe the '697 Patent and that DynaEnergetics is not entitled to pre-issuance damages.  The *NCS* Case is currently assigned to Judge Sim Lake.  The initial scheduling conference for the *NCS* Case is currently set for July 30, 2021. *NexTier Completion Solutions Inc. v. DynaEnergetics Europe GmbH et al*, Civil Action No. 4:21-cv-1328 at Dkt 4.

On May 5, 2021, the parties in the *Nexus* Case attended an initial scheduling conference where Chief Judge Rosenthal ordered the parties to "submit a revised scheduling order and an agreed motion to transfer Civil Action No. 4:21-cv-00283 to [her] court for coordinated case management."  *See Nexus* Case, Civil Action No. 4:21-cv-280 at Dkt. 26 (minute entry). During the *Nexus* Case initial scheduling conference, the *NCS* Case was not discussed with Chief Judge Rosenthal.  Ex. A (*Nexus* Case Initial Conference Transcript, May 5, 2021, Dkt. 26).

---

[2]   To be clear, at this time, NCS is only seeking a transfer and is not (1) advocating for, or seeking joinder of, any parties under FED. R. CIV. P. 20(a), or otherwise; or (2) advocating, or seeking, formal consolidation of the cases under FED. R. CIV. P. 42(a), or otherwise.

On May 10, the parties in the *Nexus* Case submitted the revised scheduling order, which was entered later that same day. *Id.* at Dkt. 27 and 28. Similarly, on May 13, 2021, DynaEnergetics filed a motion to transfer the *Vigor* Case before Chief Judge Rosenthal in the *Nexus* Case. *Id.* at Dkt. 29. The next day, Chief Judge Rosenthal granted DynaEnergetics' motion to transfer. *Id.* at Dkt. 30.

Over the course of days from May 17, 2021 to 26, counsel for NCS met and conferred with counsel for DynaEnergetics, and NCS expressed its opinion that DynaEnergetics, as the party present in all three matters, should file the motion to transfer. DynaEnergetics disagreed that the case should be transferred at all.

Given Chief Judge Rosenthal's guidance with respect to this District's policy concerning related cases, NCS is now moving to transfer its related case from Judge Lake to Chief Judge Rosenthal for coordination with the *Nexus* and *Vigor* Cases.

## ARGUMENT

The *Nexus*, *Vigor* and *NCS* Cases are closely related cases that involve the same patent-at-issue and the same opponent: DynaEnergetics. All of the cases concern infringement of at least the same Claim 1 of the '697 Patent and the accused technologies all involve perforating guns used in the oil and gas industry. *See, e.g.*, *Nexus* Case, Dkt. 1 at ¶ 15; *Vigor*, Dkt. 1 at ¶ 16; and *NCS* Case, Dkt. 1 at ¶ 18. As a result, coordination of the cases for pre-trial purposes, such as claim construction, will promote judicial economy, and help avoid the risk of inconsistent rulings. *See, e.g.*, *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 948 (5th Cir. 1997) (explaining such *intra* division transfer makes sense for reasons of comity and sound judicial administration).

Although the *NCS* Case was filed three months after the *Nexus* and *Vigor* Cases, NCS respectfully submits that the cases can still be coordinated for purposes of claim construction given

that DynaEnergetics is already preparing for the *Markman* process in the *Nexus* and *Vigor* Cases. Similarly, to avoid any possible prejudice to DynaEnergetics as it prepares for claim construction, NCS will agree to Judge Rosenthal's current deadline of June 30, 2021 for the exchange of its invalidity contentions.[3]  *See Nexus* Case, Civil Action No. 4:21-cv-280 at Dkt. 28.  Similarly, if granted, NCS is also willing to extend Judge Rosenthal's deadline for DynaEnergetics' infringement contentions from May 19, 2021 to June 23, 2021 (one week prior to invalidity contentions).  *Id.*  NCS is also willing to agree to any further accommodations warranted by the difference in filing dates, such as an extension of the discovery deadline, to the extent granted by the Court.

Lastly, NCS understands that DynaEnergetics is opposed to this motion due, in part, to the pendency of a parallel lawsuit that it filed in the Waco Division of the Western District of Texas. *See* Case No. 6:20-cv-1201 (W.D. Texas).  By way of background, in that case, DynaEnergetics sued a different entity called NexTier Oilfield Solutions Inc., which subsequently moved to dismiss for improper venue.  After NCS filed its declaratory judgment action here in Houston, DynaEnergetics dropped its claim against NexTier Oilfield Solutions Inc. and filed an amended complaint adding NCS in the WDTX.  As a result, NCS anticipates a venue dispute as it relates to these sets of cases.  However, NCS respectfully submits that any dispute over venue is separate from the current issue, which concerns this court's practice of coordinating related cases that are currently pending in this Division.  To the extent DynaEnergetics intends to file a motion to transfer down the road, that will involve separate briefing and a separate evaluation of the facts, including that: (1) both DynaEnergetics and NCS are based in Houston; (2) their likely witnesses

---

[3]   NCS presumes that there is a typographical error in item 22, "Discovery Deadline on all issues," of the Scheduling Order, and the deadline should be July 5, ***2022***, not July 5, ***2021***.

and documents are located in Houston; and (3) the relevant third-party witnesses reside here in Houston.  Anticipated briefing on this venue dispute does not change the fact that the *NCS* Case should be—under the current record and the Court's local rules—transferred to Chief Judge Rosenthal for coordination with other related cases.

Accordingly, for present purposes, DynaEnergetics' opposition is irrelevant to the application of this Division's practice of transferring and coordinating related pending cases.

Finally, NCS's counsel has conferred with counsel for both Vigor and Nexus as a professional courtesy, and both these parties stated that they agree with the relief sought by the present motion.

## CONCLUSION

Chief Judge Rosenthal has already determined that she should hear the *Vigor* Case along with the *Nexus* Case, and the same rationale that led to that transfer is equally applicable to this motion.  Accordingly, the Court should transfer the *NCS* Case to Chief Judge Rosenthal for coordination, including through the claim construction process.

Dated:  May 26, 2021                    Respectfully submitted,


   /s/ Amir Alavi
Amir Alavi, *Attorney-in-Charge*
State Bar No. 00793239
Southern District ID No. 20919
Scott Clark
State Bar No. 24007003
Steven Jugle
State Bar No. 24083280
Southern District ID No. 3633066
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI &
MENSING P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
Tel: (713) 655–1101
Fax: (713) 655–0062
aalavi@azalaw.com
sclark@azalaw.com
sjugle@azalaw.com

**ATTORNEYS FOR PLAINTIFF**
**NEXTIER COMPLETION SOLUTIONS INC.**


## CERTIFICATE OF CONFERENCE

Per LR7.1, I hereby certify that over the course of days from May 17, 2021 to 26 the movant has conferred with the respondent and counsel cannot agree about the disposition of the motion.

   /s/*Amir Alavi*
Amir Alavi

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the twenty-sixth day of May, 2021, served the document, PLAINTIFF NEXTIER COMPLETION SOLUTIONS' MOTION TO TRANSFER RELATED CASE, via email to:

| | |
|---|---|
| Hon. Lee H. Rosenthal<br>Chief U.S. District Judge<br>c/o Lisa Eddins, Case Manager<br>lisa_eddins@txs.uscourts.gov<br><br>Presiding Judge in DynaEnergetics Europe GmbH, et al v. Vigor USA, LLC, Civil Action No: 4:21-cv-00283 (S.D. Tex., Houston Division) | Hon. Sim Lake<br>United States District Judge<br>c/o Sheila R. Anderson<br>515 Rusk Avenue, Room 9535<br>Houston, Texas 77002<br>By Facsimile: (713) 250-5010 and Hand Delivery on May 27, 2021<br><br>Presiding Judge in NexTier Completion Solutions Inc. v. DynaEnergetics GmbH, et al, Civil Action No: 4:21-cv-01328 (S.D. Tex., Houston) |
| Chris Cravey<br>Leisa T. Peschel<br>JACKSON WALKER LLP<br>1401 McKinney St., Ste. 1900<br>Houston, Texas 77010<br>ccravey@jw.com<br>lpeschel@jw.com<br><br>Counsel for Vigor USA, LLC in Civil Action No. 4:21-cv-00283 (S.D. Tex., Houston Division) | John K. Buche<br>BUCHE ASSOC PC<br>875 Prospect, Ste. 305<br>La Jolla, California 92037<br>jbuche@buchelaw.com<br><br>Counsel for Nexus Perforating, LLC in Civil Action No. 4:21-cv-00280 & Civil Action No: 4:21-cv-00283 (S.D. Tex., Houston Division) |
| Barry Jeff Herman<br>Julie C Giardina<br>Stephanie Nguyen<br>Womble Bond et al<br>100 Light St 26th Fl<br>Baltimore, MD 21202<br>Email: barry.herman@wbd-us.com<br>Email: julie.giardina@wbd-us.com<br>Email: stephanie.nguyen@wbd-us.com<br><br>Counsel for DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. in Civil Action No. 4:21-cv-00280 & Civil Action No: 4:21-cv-00283 (S.D. Tex., Houston Division) | Preston H Heard<br>Womble Bond et al<br>271 17th St NW, Ste 2400<br>Atlanta, GA 30363<br>Email: preston.heard@wbd-us.com<br><br>Counsel for DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. in Civil Action No. 4:21-cv-00280 & Civil Action No: 4:21-cv-00283 (S.D. Tex., Houston Division) |

7

| | |
|---|---|
| Jason M. Rockman<br>Lisa J. Moyles<br>Moyles IP, LLC<br>One Enterprise Dr, Ste 428<br>Shelton, CT 06484<br>Email: jrockman@moylesip.com<br>Email: lmoyles@moylesip.com<br><br>Counsel for DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. in Civil Action No. 4:21-cv-00280 & Civil Action No: 4:21-cv-00283 (S.D. Tex., Houston Division) | Terry D Kernell<br>Megan Charlotte Moore<br>Rusty Hardin & Associates, LLP<br>1401 McKinney Street, Suite 2250<br>Houston, TX 77010<br>Email: tkernell@rustyhardin.com<br>Email: mmoore@rustyhardin.com<br><br>Counsel for DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. in Civil Action No. 4:21-cv-00280 & Civil Action No: 4:21-cv-00283 (S.D. Tex., Houston Division) |
| Terry D Kernell<br>Rusty Hardin & Associates, LLP<br>1401 McKinney Street, Suite 2250<br>Houston, TX 77010<br>Email: tkernell@rustyhardin.com<br><br>Counsel for DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. in Civil Action No. 4:21-cv-1328 (S.D. Tex., Houston Division) | |

  /s/*Amir Alavi*
Amir Alavi