**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

NEXTIER COMPLETION SOLUTIONS INC.,

       Plaintiff,

v.

DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC.,

       Defendants.

Civil Action No. 4:21-mc-01278

## DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER

## I.      INTRODUCTION

DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") has sued NexTier Completion Solutions Inc. ("NexTier") in the Western District of Texas for its ongoing infringement of DynaEnergetics' U.S. Patent 10,855,697 (the "'697 Patent").  This suit predates NexTier's responsive declaratory judgment action pending before this Court involving the same patent, the same parties, and the same accused products by almost four months.  Seeking to better position itself for the inevitable motion to dismiss its declaratory judgment action based on well-established "first-filed" case law, NexTier is now attempting to get its DJ moving.  This includes seeking coordination for all pre-trial purposes with two other actions pending before this Court that (1) are infringement actions with DynaEnergetics as plaintiff, (2) are several months ahead of this proceeding in their current posture, (3) have completed the pleading phase, (4) have completed preliminary initial disclosures, and (5) have agreed schedules regarding future proceedings that comport with the typical schedule for a patent case.  This is a classic square-peg, round-hole scenario that has no legitimate justification beyond NexTier's posturing.

DynaEnergetics is not due to answer NexTier's complaint until July 27, 2021.  It cannot, and should not, be forced to serve infringement contentions before it even responds to the DJ complaint.  Nor should this case be forced forward, for no legitimate substantive reason, where a certain motion to dismiss ought first be adjudicated.  If NexTier were truly interested in preserving judicial economy and avoiding conflicting decisions, it never would have filed this case, and instead would litigate this dispute in the first-filed venue, the Western District of Texas.  DynaEnergetics does not oppose reassignment to the Honorable Chief Judge Rosenthal for any adjudication that is to occur in this district.  It does, however, vigorously oppose NexTier's effort

1

to shoehorn this case into coordination with DynaEnergetics' two Southern District plaintiff-side infringement actions that are not subject to any venue dispute and have already proceeded into substantive patent disclosures.

## II.   NATURE AND STAGE OF PROCEEDINGS

### A.  The Infringement Actions

In a case filed on December 30, 2020 and currently pending in the Western District of Texas, styled *DynaEnergetics Europe GmbH et al. v. NexTier Completion Solutions Inc.*, Civil Action No. 6:20-cv-01201 (W.D. Tex.) (the "W.D. Action"), DynaEnergetics alleges patent infringement of U.S. Patent No. 10,844,697 (the "'697 Patent") by NexTier.

Shortly after filing the W.D. Action, on January 28, 2021, DynaEnergetics brought infringement actions against Nexus Perforating LLC (Civil Action No 4:21-cv-280, "the "Nexus Action") and Vigor USA, LLC (4:21-cv-280, the "Vigor Action") in this Court.  Because of their related-nature and their identical filing dates, the Nexus and Vigor Actions (collectively, the "S.D. Actions") have both been assigned to Judge Rosenthal and will be coordinated for purposes of pre-trial proceedings by this Court.  In both S.D. Actions, the defendants have filed their response to the Complaint, a schedule has been agreed to, and P.R. 3.1 infringement contentions have been served.

### B.  NexTier's Belated and Second-Filed DJ Action

Almost four months after being sued for infringement, on April 21, 2021, NexTier responsively—and in an attempt to avoid venue in the Western District of Texas—filed the present declaratory judgment action alleging noninfringement of the '697 Patent in the Southern District of Texas titled *NexTier Completion Solutions Inc. v. DynaEnergetics Europe GmbH et al.*, Civil Action No. 4:21-cv-1328 (S.D. Tex.) (the "DJ Action").  DynaEnergetics is not due to respond to

NexTier's complaint until July 27, 2021.  In its response, DynaEnergetics will move to dismiss the DJ Action in the Southern District of Texas, as it is clearly a second filed-case in disregard of the well-established "first-to-file" rule where "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

## III.    ISSUE PRESENTED

1.    Whether NexTier's DJ Action that is subject to dismissal under the "first-to-file" rule should be coordinated for purposes of pre-trial proceedings with the Nexus and Vigor Actions that are infringement actions, were filed three months earlier, have competed the pleading phase, and have already proceeded with Local Patent Rule disclosures?

## IV.    ARGUMENT

Despite acknowledging that "the *NCS* Case was filed ***three months*** after the *Nexus* and *Vigor* Cases," NexTier contends that "the cases can still be coordinated for purposes of claim construction . . . ."  Mot. at 3 (emphasis added).  NexTier reveals the motives behind its Motion here where, rather than moving to transfer out of a concern over judicial economy, NexTier hopes to latch onto the schedules of the S.D. Actions and skip its DJ Action months ahead in an attempt to make up for its four-month delay in filing the DJ Action behind the W.D. Action and bolster its uphill battle in avoiding dismissal or transfer to the Western District. To be clear, NexTier is not seeking coordination in order to have its day of reckoning come sooner; it is doing so in order to avoid litigating the dispute in the proper forum.

### A.    The First-to-File Rule Dictates That the Issues Present in This Case Be Litigated in the Western District.

Before the claims presented in NexTier's DJ Action are adjudicated, the proper forum for this fight will need to be decided.  Four months before NexTier filed its belated DJ Action,

3

DynaEnergetics brought suit involving the same patent and claims of infringement in the W.D. Action.  NexTier has answered that complaint and has not challenged that Court's venue over the claims at issue.  W.D. Action, Dkt. 30 (attached as Ex. A).   The law is, therefore, clear that that action should proceed in the Western District.  *See Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997) ("[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.").

In an attempt to conceal the true posture of the cases at issue, NexTier omits any mention of the W.D. Action from its Complaint in the DJ Action (the "DJ Complaint")[1] and only briefly discusses the W.D. Action at the end of its Motion, where NexTier acknowledges that it "anticipates a venue dispute as it relates to these sets of cases."  Mot. at 4.  NexTier argues that "[a]nticipated briefing on this venue dispute does not change the fact that the [DJ Action] should be . . . transferred to Chief Judge Rosenthal for coordination with other related cases" because "coordination of the [Southern District] cases for pre-trial purposes, such as claim construction, will promote judicial economy, and help avoid the risk of inconsistent rulings."  *Id.* at 3-4.  But the DJ Action was filed improperly in the Southern District, which should result in its dismissal or transfer well before any substantive pre-trial issues such as claim construction arise.  To proceed otherwise would create a significant risk of inconsistent rulings and judicial inefficiency as

---

[1] To avoid making any reference to the W.D. Action in the DJ Complaint (which had been pending for months prior to the filing of the DJ Action), NexTier alleges in the DJ Complaint that "there is a definite and concrete dispute" "[b]ased on [a] ***letter*** from DynaEnergetics Europe dated September 11, 2020[.]"  DJ Action, Dkt. 1 ¶ 13 (emphasis added).  NexTier omits that this letter was sent to the parent company, NexTier Oilfield Solutions, Inc., the same entity that was sued in the W.D. Texas and which has previously identified itself as the proper defendant in actions relating to the accused GameChanger product.

different courts would be simultaneously presiding over the same claims of infringement and validity of the same patent by the same parties. *See In re Amerijet, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) ("The [first-to-file] rule rests on principles of comity and sound judicial administration and the concern underlying the rule manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." (citations omitted)); *see also Dripping Wet Water, Inc. v. Halox Techs., Inc.*, No. SA-03-CA-1048-OG, 2004 U.S. Dist. LEXIS 18532, at *64 (W.D. Tex. Mar. 22, 2004) (applying the first-to-file rule and transferring the case, noting the "likelihood that many of the same witnesses will testify and that much of the same technical information will be introduced in both cases").

## B. NexTier's Proposed Schedule Is Unrealistic and Further Undermines Its Position.

Even assuming, *arguendo*, that the DJ Action were to ultimately proceed in this district, coordinating with the two cases for pre-trial proceedings is impractical due to the discrepancies in their filing and response dates and the resulting drastic differences in their current posture.

In the Nexus and Vigor Actions, infringement contentions have already been served and invalidity contentions will be served in late June / early July. *See, e.g.,* Nexus Action, Dkt. 28. In an effort to play "catch up" in its later-filed action, NexTier suggests dates of June 23 and June 30 for the parties' infringement and invalidity contentions, respectively, which are both ***weeks before*** DynaEnergetics is required to respond to the DJ Complaint on July 27. NexTier provides no support as to why the parties' substantive contentions should be prepared and exchanged prior to the close of the pleadings stage. Not to mention, NexTier seeks to cut the typical times ascribed by the Local Patent Rules for each of these tasks considerably. The fact that a realistic claim

construction schedule for the DJ Action that comports with the Local Patent Rules and practices will necessarily trail months behind the S.D. Actions (and the W.D. Action where the pleadings are already closed) further shows the lack of judicial economy that would be preserved by granting the Motion.   Even if the Court is inclined to assume responsibility of the DJ Action, DynaEnergetics submits that it should not set such an aggressive and unrealistic schedule prior to resolution of the serious venue concerns present in this case.

### C.  Judicial Economy Will Not Be Served by Coordination of These Cases

This Court should further decline NexTier's request to coordinate these cases for purposes of pre-trial proceedings as they are simply not "related" in the way NexTier suggests.  Indeed, the DJ Action is similarly situated to another second-filed declaratory judgment action filed by NexTier's counsel, styled *G&H Diversified v. DynaEnergetics Europe GmbH et al.*, Civil Case No. 3:20-cv-00376 (the "G&H Action"), that the parties have already discussed with the Court during an Initial Conference in the Nexus Action on May 5, 2021.  During the Initial Conference, counsel for DynaEnergetics explained that (just as in the present case) DynaEnergetics had initially filed suit in the Western District against G&H Diversified ("G&H") and that G&H had subsequently filed a declaratory judgment action in the Southern District, which was to be presided over by Judge Brown.  Mot., Ex. A at 5:7-12.  Counsel for DynaEnergetics further explained that DynaEnergetics had moved to dismiss and/or transfer G&H's declaratory judgment action back to the Western District—just as DynaEnergetics will move here against NexTier and the DJ Action. *Id.*  Without hesitation, the Court properly concluded: "All right.  So, [Judge Brown] is going to rule on that." *Id.* at 5:17-18.  This case is even more distinct, in that it was filed *months* after the other cases.  Thus, for similar reasons, shoehorning NexTier's DJ Action into DynaEnergetics' two plaintiff-side cases is not practicable or appropriate.

6

V.      **CONCLUSION**

NexTier's Motion represents nothing more than an attempt to skip ahead in line and avoid the appropriate venue for deciding the issues raised in its DJ Action.  NexTier's stated concerns of judicial economy and inconsistent rulings are far better assuaged by allowing adjudication of the first-to-file issue, which should result in the court presiding over the W.D. Action to address the overlapping issues raised in both actions.  While DynaEnergetics is not opposed to reassignment of this case to Chief Judge Rosenthal, setting a case schedule that imposes substantive requirements on the parties prior to resolution of this procedural venue issue—and indeed even prior to the deadline for DynaEnergetics' responsive pleading—would be considerably premature. Accordingly, the Court should deny NexTier's Motion.

Dated: May 27, 2021

WOMBLE BOND DICKINSON (US) LLP

By:  */s/ Barry J. Herman*
Barry J. Herman (*pro hac vice*)
Maryland Federal Bar No. 26061
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for DynaEnergetics GmbH & Co., KG and DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

7

WOMBLE BOND DICKINSON (US) LLP
Stephanie M. Nguyen (*pro hac vice*)
DC Bar No. 1046300
Julie C. Giardina (*pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5873
Email: Stephanie.Nguyen@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com


MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice*)
New York Bar No. 4450953
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore (Tx. Bar No. 24054322)
Federal Bar No. 963966
Terry Kernell (Tx. Bar. No. 11339020)
Federal Bar No.: 15074
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com
Email: tkernell@rustyhardin.com

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

<u>  /s/ Terry Kernell                      </u>
Terry Kernell